IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLIFTON SKIDGEL,

    Plaintiff,

vs.                                              Cause No. 2:19-CV-179

GEO GROUP, INC.,

    Defendant.

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

    Pursuant to Fed.R.Civ.P 12(b)(6), Defendant The GEO Group, Inc., by counsel, YLAW, P.C. (April D. White), hereby moves the Court to dismiss the Complaint herein. As grounds for this Motion, GEO asserts the Complaint does not contain sufficient allegations to demonstrate a policy or custom of GEO was the moving force behind the violation of Plaintiff's constitutional rights and, therefore, does not state a claim for relief against GEO pursuant to 42 U.S.C. § 1983.

    1.    Plaintiff Clifton Skidgel is a prisoner at the Lea County Correctional Facility ("LCCF"). (Complaint [doc. 1-1] at ¶ 3).

    2.    Defendant GEO operates the LCCF. (Complaint [doc. 1-1] at ¶ 5(a)).

    3.    The Complaint alleges four employees of GEO violated Plaintiff's right to due process under the Fourteenth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment. (Complaint [doc. 1-1] at ¶ 5(a)).

    4.    The only party-Defendant named in the Complaint is GEO.

    5.    A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 n. 2 (10th Cir.2007). "A plaintiff's obligation to provide the grounds" of his "entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008) (internal quotations and citation omitted). "[P]lausibility ... refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*.

6. To state a claim against GEO pursuant to section 1983, the Complaint must contain allegations to plausibly demonstrate (1) an employee of GEO violated Plaintiff's constitutional rights; and (2) a policy or custom of GEO was the moving force behind the alleged violation of her constitutional rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Okla. County Bd. of County Commrs.,* 151 F.3d 1313, 1316 (10th Cir. 1998); *see also Herrera v. County of Santa Fe*, 213 F.Supp.2d 1288, 1291, n. 2 (D. N.M. 2002) (private corporation performing municipal function may not be held vicariously liable for its employee's actions under Section 1983).

7. *Monell* requires factual allegations to show not only that a policy was in place, but that "a specific policy or custom was the moving force behind the alleged violation," *Dalcour v. City of Lakewood,* 492 Fed.Appx. 924, 930 (10th Cir.2012) (unpublished)(citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

8. The Complaint herein does not contain allegations to plausibly demonstrate a policy or custom of GEO was the moving force behind the alleged violation of Plaintiff's

constitutional rights. Instead, the Complaint alleges GEO is liable pursuant to the doctrine of *respondeat superior*. (Complaint [doc. 1-1] at ¶ 5(a)). However, there is no *respondeat superior* liability under section 1983. *See Myers,* 151 F.3d at 1316.

9. The Complaint does contain several references to "training." (Complaint [doc. 1-1] at ¶ 5(a)). In limited circumstances, the failure to train certain may rise to the level of an official government policy for purposes of section 1983. *Connick v. Thompson,* 536 U.S. 51, 61 (2011). However, a plaintiff must identify a specific deficiency in the training program that was so obvious and closely related to his injury that it might fairly be said that it was the moving force behind her injury. *Porro v. Barnes,* 624 F.3d 1322, 1328 (10th Cir. 2010); *Lopez v. LeMaster,* 172 F.3d 756, 760 (10th Cir.1999); *see City of Canton,* 489 U.S. at 385. Only when the failure to train amounts to "deliberate indifference" can it be characterized as a policy or custom necessary for § 1983 liability to attach. *City of Canton,* 489 U.S. at 389-90.

10. Here, the Complaint does not identify any specific deficiency in GEO's training program, nor does it allege any training inadequacies were likely to result in the violation of constitutional rights.

11. Absent allegations of a municipal policy or custom, the Complaint must be dismissed. *See Ames v. Miller*, 247 Fed.Appx. 131, 2007 WL 2558101 at * 2 (10th Cir. Sept. 6, 2007)(unpublished)(affirming district court's *sua sponte* dismissal of plaintiff's section 1983 claim against city where plaintiff failed to allege a custom or policy of the municipality).

WHEREFORE Defendant The GEO Group, Inc. respectfully requests the Court enter an Order dismissing the Complaint herein, and awarding any such other and further relief as the Court deems just and proper.

Respectfully submitted,

YLAW, P.C.

*/s/ April D. White*
April D. White
*Attorneys for Defendant The GEO Group, Inc.*
4908 Alameda Blvd., NE
Albuquerque, NM 87113
(505) 266-3995
(505) 268-6694 (fax)
awhite@ylawfirm.com

I hereby certify that on this 5th day of March, 2019, I filed the foregoing electronically and served the following via U.S. Mail:

Clifton Skidgel, #28869
Lea County Correctional Facility
6900 W. Millen Dr.
Hobbs, NM 88244

*/s/ April D. White*
April D. White