IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLIFTON SKIDGEL,

    Plaintiff,

v.                                                                     2:19-cv-179-MV-JHR

GEO GROUP INC,

    Defendant.

## ORDER GRANTING PROTECTIVE ORDER

Before the Court is Defendant's Motion for Protective Order [Doc. 9]. Defendant removed Plaintiff's *pro se* Prisoner Civil Rights Complaint to Federal District Court on March 5, 2019. [Doc. 1]. Because Plaintiff is an inmate who seeks redress from a governmental entity or officer, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915A. *Sua sponte* dismissal is required if the Complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. §1915A(b). Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by an inmate until the Court orders a response. *See* 42 U.S.C. § 1997e(g)(1)-(2). Finally, prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* NMLR 16.3(d). Based on these authorities, the Court will grant the Motion and excuse all further obligations with one exception: Defendant shall respond to the Motion to Consolidate [Doc. 11].

**IT IS ORDERED** that the Motion for Protective Order [Doc. 9] is **GRANTED**; and except as described above, the parties are excused from all other pre-screening filings and obligations, including responding to the other's motions, until further Order by the Court.

**IT IS FURTHER ORDERED** that once screening is complete, the Court will enter a

separate order either dismissing the Complaint or requiring Defendant to file a responsive pleading.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE