# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CLIFTON SKIDGEL,

    Plaintiff,

v.                                                                                                   No. 19-cv-179 MV/JHR

GEO GROUP INC, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *Pro Se* Prisoner Civil Rights Complaint (Doc. 1-1). Also before the Court are GEO Group, Inc.'s Motion to Dismiss (Doc. 3) and several motions filed by Plaintiff (Docs. 8, 10, and 11). Plaintiff contends that prison officials violated his due process rights and were deliberately indifferent to his medical needs. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint, grant leave to amend, and deny Plaintiff's pending motions.

## I. Background[1]

Plaintiff is incarcerated at the Lea County Correctional Facility (LCCF). He alleges that prison officials violated his due process rights by prohibiting him from filing a civil rights petition. (Doc. 1-1 at 2-3). It appears that Plaintiff filed a handwritten request for a "notice of complaint," which detailed the alleged wrongdoing. *Id.* Plaintiff wanted the document to be copied and served upon "state actors and risk management," but D. Burris and V. Naegele failed to comply or

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1-1). For the purpose of this ruling, the Court assumes Plaintiff's allegations are true.

otherwise assist Plaintiff. *Id.* The failure allegedly disrupted Plaintiff's litigation timetable and caused him to lose four years of work. *Id.*

Plaintiff also raises two claims for deliberate indifference to medical needs. He alleges that on October 15, 2018, Officer Williams prevented "B-Pod" inmates from accessing prescription medication. (Doc. 1-1 at 4). Officer Williams purportedly slammed the pod door shut and refused to call a supervisor. *Id.* Plaintiff was required to wait a week to access his medications. *Id.* The other medical issue occurred on May 22, 2018. *Id.* at 5. Major Buckley moved Plaintiff to a top bunk, even though he suffers from osteoarthritis and a history of fractures and hernias. *Id.* It caused Plaintiff great pain to access the top bunk. *Id.*

Plaintiff filed his Civil Rights Complaint (Doc. 1-1) on January 2, 2019, in New Mexico's Fifth Judicial District Court. Plaintiff seeks at least $400,000 in damages under 42 U.S.C. § 1983, the Eighth Amendment, the Due Process Clause, and the New Mexico Torts Claims Act. The caption of the Complaint names GEO Group, Inc. ("GEO"), but it appears that he intended to also name Burris, Naegele, Williams, and Buckley as defendants. GEO removed the Complaint to this Court on March 5, 2019, within thirty days of service. (Doc. 1). GEO also filed a Motion to Dismiss (Doc. 3) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Thereafter, Plaintiff filed motions to appoint counsel, proceed *in forma pauperis,* and consolidate several cases. (Docs. 8, 10, and 11, respectively).

## II. Screening the Complaint

### Standard of Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915A if it "is frivolous or malicious; [or] fails to state a claim on which relief may be granted."

The Court may also dismiss a complaint under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, if the initial pleading is defective, *pro se* plaintiffs should be given a reasonable opportunity to file an amended pleading, unless amendment would be futile. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall,* 935 F.2d at 1109.

**Analysis**

Plaintiff's claims primarily focus on the U.S. Constitution and 42 U.S.C. § 1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir.

3

1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

GEO argues that the Complaint does not state a claim under this standard. To succeed on a claim brought under § 1983 against an entity defendant such as GEO, the entity must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Plaintiff argues generally that GEO trained the individual Defendants and is liable under a theory of *respondeat superior*. However, § 1983 does not authorize respondeat superior liability for an entity based on the actions of its subordinates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In addition, general allegations regarding a deficient training program are insufficient to hold an entity liable. *See Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). "[A] plaintiff must identify a specific deficiency that was obvious and closely related to his injury, so that it might fairly be said that the official policy or custom was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Id.* Because no such allegations exist, the Complaint fails to state a § 1983 claim against GEO. For this reason, the Court will grant the Motion to Dismiss (Doc. 3), in part.[2]

Pursuant to its *sua sponte* screening function, the Court also finds that the allegations against Burris and Naegele are deficient. Inmates have a right to access the courts under the Due Process Clause and the First Amendment. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985). However, Plaintiff has not

---

[2] As discussed below, the Motion will only be granted in part because the Court is granting leave to amend.

explained how Burris and Naegele prevented him from filing a lawsuit. Prison officials are not required to effectuate service or forward documents to the courts, and to the extent that Plaintiff is suing based on the denial of a grievance, such claims are generally not cognizable in the Tenth Circuit. *See Gray v. GEO Group, Inc*., 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (noting "there is no independent constitutional right to state administrative grievance procedures"); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013) (same); Boyd v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011) (same).

The deliberate indifference claims against Williams and Buckney present a closer call. Prison officials can be liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). "The 'substantial harm requirement' can be met by showing 'lifelong handicap, permanent loss, or considerable pain.'" *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). The subjective component is met where "the official was subjectively aware of the risk,' . . . and [] the official 'recklessly disregard[ed] that risk.'" *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (quotations omitted). As to the claim against Williams, the Complaint does not specify what medications Plaintiff missed, or how that impacted his health. To analyze the claim against Buckley, the Court would need more detail about Plaintiff's knee injury and how long he was made to sleep on the top bunk.

The Court therefore will dismiss the Complaint but permit Plaintiff to file an amended complaint within sixty (60) days of receipt of service of this Order. When naming the defendants, Plaintiff should "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,*

5

519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Moreover, Plaintiff should clarify whether he intends to assert constitutional claims or NMTCA claims against each Defendant. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

## IV. Miscellaneous Motions

Plaintiff filed the following motions in connection with this proceeding:

(1) A motion to proceed *in forma pauperis* (Doc. 10);

(2) A motion to appoint counsel (Doc. 8); and

(3) A motion to consolidate this case with another pending federal civil rights case, 19-cv-376 JCH/LF (Doc. 11).

*In forma pauperis* relief is unnecessary because the removing party, GEO, already paid the $400 civil filing fee. The in forma pauperis motion (Doc. 10) will be found as moot, and Plaintiff need not worry about the federal filing fee. *See Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017) (reversing district court for requiring inmate to comply with the in forma pauperis statute in a removed case).

As to the request for counsel, "[c]ourts are not authorized to appoint [attorneys] in § 1983 cases." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "[I]nstead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Id.* Here, the claims do not appear particularly complex, and there is no reason at this juncture to question Plaintiff's ability to prosecute the action. The motion to appoint counsel (Doc. 8) therefore will be denied.

Plaintiff's final motion seeks to consolidate this case with *Skidgel v. Centurion of New Mexico,* 19-cv-376 JCH/LF ("Centurian case") (Doc. 11). GEO, the lead defendant in the instant case, and Centurion, the lead defendant in the Centurian case, both oppose consolidation of the two cases. (Doc. 13; *see also* Doc. 6 in 19-cv-376 JCH/LF). Consolidation of actions is governed by Rule 42(a) of the Federal Rules of Civil Procedure. That rule provides: "If actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed. R. Civ. P. 42(a). Whether to consolidate actions is discretionary. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Relevant considerations include whether consolidation would promote convenience, expedition, and economy while affording justice to the parties. *Id.; Servants of the Paraclete v. Great Am. Ins. Co*., 866 F. Supp. 1560, 1572 (D.N.M. 1994).

The complaint in the Centurion case names different defendants than does the instant Complaint. It also focuses on the failure to provide treatment for an eye condition, post-traumatic stress disorder, and degenerative arthritis. *See* Doc. 1-2 in 19-cv-376 JCH/LF. The only issue common to both cases is the bunk assignment. The Court is not convinced that this issue, standing alone, is sufficient to justify consolidation. It is also worth noting that Plaintiff cannot accrue a "strike" in either case, as both complaints were removed from state court. Based on these considerations, the Court will deny the motion to consolidate (Doc. 10).

**IT IS ORDERED** that GEO's Motion to Dismiss (**Doc. 3**) is **GRANTED, IN PART**, as follows: Plaintiff's Civil Rights Complaint (**Doc. 1-1**) is **DISMISSED without prejudice**; and Plaintiff may file an amended complaint within sixty (60) days of receipt of service of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* (**Doc. 10**) is **FOUND AS MOOT**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel **(Doc. 8)** and Plaintiff's Motion to Consolidate **(Doc. 11)** are **DENIED.**

_____
UNITED STATES DISTRICT JUDGE